**Electronically Filed
Intermediate Court of Appeals
29863
26-AUG-2011
08:04 AM**

NO. 29863

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RICHARD PETTIGREW, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
LIHUE DIVISION
(CASE NO. 5P108-01645)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Defendant-Appellant Richard Pettigrew (Pettigrew or Defendant) appeals from the Judgment filed on May 26, 2009 in the District Court of the Fifth Circuit, Lihue Division[1] (district court).  On February 5, 2009, after a jury-waived trial, the district court found Pettigrew guilty of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-733(1)(a) (1993).[2]

---

[1]  The Honorable Trudy K. Senda presided.

[2]  HRS § 707-733(1)(a) provides:

§707-733  **Sexual assault in the fourth degree.**  (1)  A person commits the offense of sexual assault in the fourth degree if:

    (a)    The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion[.]

On appeal, Pettigrew contends:

(1) The district court exhibited bias and deprived him of a fair trial when it predetermined his guilt and conformed its factual findings to support the predetermined outcome.

(2) The Deputy Prosecuting Attorney (Prosecutor) committed misconduct when he argued the facts of the instant case in a post-trial memorandum requested by the district court to address only a question of law.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Pettigrew's points of error as follows:

(1) Pettigrew contends the district court exhibited bias and deprived him of a fair trial. He argues that the district court found that sexual contact had been made with a tongue because to find otherwise would have resulted in acquittal since the complaint specifically charged him with "sexual contact by compulsion by licking [Complainant's] breast."

"[R]eversal on the grounds of judicial bias or misconduct is warranted only upon a showing that the trial was unfair. Unfairness, in turn, requires a clear and precise demonstration of prejudice." Aga v. Hundahl, 78 Hawai'i 230, 242, 891 P.2d 1022, 1034 (1995) (citations omitted). Pettigrew does not point to any evidence in the record that demonstrates judicial bias or misconduct. There is nothing in the record that shows the district court's actions constituted misconduct or the court harbored any bias or prejudice towards Pettigrew. Pettigrew's first point of error is without merit.

(2) Pettigrew contends the Prosecutor disregarded the district court's request not to include factual arguments in a post-trial memorandum of law meant to address a specific question of law. Pettigrew argues that the Prosecutor's actions were egregious and resulted in a denial of procedural fairness.

2

> Allegations of prosecutorial misconduct are reviewed under the harmless beyond a reasonable doubt standard, which requires an examination of the record and a determination of whether there is a reasonable possibility that the error complained of might have contributed to the conviction. Where a defendant fails to object to a prosecutor's statement during closing argument, appellate review is limited to a determination of whether the prosecutor's alleged misconduct amounted to plain error.
>
> Misconduct of a prosecutor may provide grounds for a new trial if the prosecutor's actions denied the defendant a fair trial.

State v. Iuli, 101 Hawaiʻi 196, 204, 65 P.3d 143, 151 (2003) (citations omitted). When a defendant does not object to the prosecutor's alleged misconduct at trial, the appellate court must,

> as a threshold matter, determine whether the alleged misconduct constituted plain error that affected [the defendant's] substantial rights. In so doing, this court considers the nature of the alleged misconduct, the promptness or lack of a curative instruction, and the strength or weakness of the evidence against the defendant.

Id. at 208, 65 P.3d at 155 (internal quotation marks and citations omitted).

Pettigrew argues that there is a "reasonable possibility that the State's unanswered and unauthorized factual arguments regarding evidence might have contributed to [his] conviction[.]" However, before announcing its verdict, the district court stated that it had "spent a lot of time pondering and weighing the evidence that was presented," which is a clear indication that the district court considered the evidence presented by both parties. Assuming arguendo that the Prosecutor's actions constituted misconduct, no curative instruction was needed as it was a bench trial. Additionally, the evidence against Pettigrew was significant. The district court specifically stated that (1) it found Complainant's testimony to be more credible than Pettigrew's and (2) the Prosecutor had proven beyond a reasonable doubt all the elements required for a conviction of Sexual Assault in the Fourth Degree. We conclude that the Prosecutor's memorandum of law did not

3

constitute plain error that affected Pettigrew's substantial rights.

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on May 26, 2009 in the District Court of the Fifth Circuit, Lihue Division, is affirmed.

DATED:  Honolulu, Hawai'i, August 26, 2011.

On the briefs:

Daniel G. Hempey
(Hempey & Meyers LLP)
for Defendant-Appellant.

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauai,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge